**THURN, Estate of In Re; THURN, Plaintiff, v. GOETZ et, Defendants.**

Probate Court, Franklin County.

No. 125047.

Binns & Tresemer, Columbus, on behalf of Katherine Jacobs and Alois H. Thurn.

M. L. Bigger, Columbus, on behalf of Francis L. Goetz.

## OPINION

By McCLELLAND, J.

This matter comes before this Court upon the Petition filed herein by the Executor of the will of Alois Thurn, for

a construction of the will of the deceased, the Answer of Alois H. Thurn and Katherine C. Jacobs, together with evidence presented at the hearing of the matter.

Alois Thurn died on June 28, 1947, leaving a last will and testament and codicil, both of which were admitted to probate on the 5th day of July 1947. The will was executed on the 9th day of September, 1937, and the codicil above named was executed on the 24th day of December, 1946. The will contains a number of items, one of which bequeathes the sum of $200.00 to a village in Wurtemburg, Germany, in another he gives the sum of $200.00 to St. Anthony's Hospital. in another he gives to Reverend Edmund A. Burkley, the sum of $1000.00, for the benefit of St. Mary's Catholic Church, and $100.00 to St. Vincent's Orphan Asylum. He also gives to each of his grandchildren who may be living at the time of his death, each $100.00.

Item Five of his will contains the following language:

"I give and bequeath unto Mary Goetz, my wife's niece, the sum of One Thousand ($1000.00) Dollars; and in the event she should not survive me, then I give and bequeath the same to her children, share and share alike."

Item Eight of the will confirms a gift which he had prior thereto made to his sons Alois H. Thurn and Herman A. Thurn.

By Item Nine of his will he gives to his two sons Alois H. Thurn and Herman A. Thurn, and to his daughter Katherine Jacob, the sum of $2000.00.

By Item Ten of his will he gives the residue of his estate to Mary Thurn, his widow, for and during her natural life, and, upon her death, he gives and bequeathes the residue to his three children, naming them, Katherine Jacob, Alois H. Thurn and Herman A. Thurn, share and share alike.

Item Eleven of his will contains the following language:

"I hereby direct and declare that in the event any of my children should attempt either directly or indirectly, to contest the validity of this my will, or if any one of my aforesaid children should present any claim against my estate based upon alleged services rendered me by any of them, or based upon any claim of whatsoever kind, nature or description, then and in such event any devise or bequest herein made to such child contesting or attempting to contest my will, as aforesaid, or presenting any claim against my estate of whatsoever kind, nature or description, shall be and is hereby can-

celled and to be of no effect to the same extent as if such child had not been mentioned in this my will."

The codicil which was executed on the 24th day of December, 1946, contains the following language in Item Five thereof:

"It is my will, and I hereby give and bequeath to Mary Goetz, my wife's niece, of Columbus, Ohio, the sum of Five Thousand Dollars, ($5000.00) in consideration and in appreciation of her faithful services; and in the event she should not survive me, then I give and bequeath the same to her children, share and share alike. The foregoing bequest to Mary Goetz is hereby made as an addition to the bequest to her contained in Item V of said will, and is to be deemed and taken as if originally inserted in Item V of said will."

The petition by which this matter is brought before the Court recites that Mary Goetz, one of the specific legatees in the will and codicil, died intestate on March 7, 1948, leaving certain persons as her heirs at law who are now parties to this action, and that Francis L. Goetz has been appointed administrator of the estate of Mary Goetz, deceased. The petition further recites that on March 16, 1948, the defendants, Francis L. Goetz, Mary Catherine Goetz, and Sister M. Cecilia Stella, (Loretta Goetz), representing themselves to be the only living heirs and legal representatives of Mary Goetz, deceased, filed an action in the Common Pleas Court against Katherine Jacobs, Alois H. Thurn, Executor of the Estate of Alois Thurn, deceased, and Alois H. Thurn, Administrator of the Estate of Herman Thurn, deceased, wherein they seek specific performance of a certain alleged contract, and for alternative relief in damages in case the Court finds they are not entitled to the equitable relief prayed for.

The petition further recites that the same persons, on May 5, 1948, filed a claim with the executor for the sum of $75,000.00 damages for alleged premature death of Mary Goetz, caused by extraordinary services rendered Alois Thurn, during his lifetime, and for neglect and failure to carry out an agreement, as between Mary Goetz and the deceased Alois Thurn. Said agreement was disallowed, and the same parties on July 6, 1948, filed a suit in the Common Pleas Court of Franklin County, Ohio, on said claim.

The plaintiff claims that he is in doubt as to the true and proper construction of said last will and testament and codicil, and as to the proper procedure thereunder, and asks the in-

struction of the Court as to whether said bequests to Mary Goetz are, pursuant to the provisions of said Item Eleven of said will, cancelled by the aforesaid conduct of defendants, in prosecuting claims in the Common Pleas Court against the Estate of Alois Thurn, deceased, and if·not so cancelled, then as to whether payment of said bequests to Mary Goetz, by such Executor, and acceptance thereof by her administrator would constitute satisfaction to the Estate of Mary Goetz and acquittance to the Estate of said Alois Thurn.

Upon a hearing of this matter it developed that counsel for the Executor of the will of Alois Thurn, contends that there is a latent ambiguity in the will and that by reason thereof it is necessary for the Court to determine whether or not the testator considered Mary Goetz as one of his children, and, if so, whether she is subject to the punitive provisions of his will.

The one cardinal principle in the construction of wills is that the Court should, if possible, put himself in the position of the testator at the time of the execution of the will, in order to ascertain his intent. If the language of the will is plain and unambiguous, then the Court is not permitted to receive any testimony in order to ascertain the intention of the testator.

At Page 612 of **Vol. 41 O. Jur**, we find a definition of patent and latent ambiguity, as follows:

"A patent ambiguity is one which appears on. the face of the language or the instrument, for example, when the expressions of the language or instrument are so defective that a court which is obliged to place a construction upon them cannot, placing itself in the situation of the one making them, ascertain therefrom his intention.

A latent ambiguity is one which does not appear on the face of the language used, or the instrument being considered; it exists when the words apply equally well to two or more different subjects or things. Such an ambiguity arises when the will contains a misdescription of the object or subject, as when there is a not such person or thing in existence, or, if in existence, the person is not the one intended, or the thing does not belong to the testator."

At Section 1623, page 650, Vol 4, Page on Wills, we find a discussion of patent and latent ambiguity, in which the author uses the following language:

"A patent ambiguity is one which is apparent upon face of an instrument, as where in wills the same tract is disposed of in different clauses to different individuals. A latent ambiguity is one which is not discoverable until extrinsic evidence is introduced to identify the beneficiaries or the property disposed of by the will, when it is developed by such evidence, either that the description in the will is defective, or that it applies equally to two or more persons or things. This distinction has been repeatedly recognized by the courts, and many modern decisions say that extrinsic evidence is admissible to explain a latent ambiguity but not to explain a patent ambiguity. This form of stating the law of evidence is, to say the least, unfortunate. An examination of the adjudicated cases will show that even the courts which insist most strenuously upon the distinction admit evidence of the surrounding facts and circumstances which tend to put the court in the position of the testator. Indeed, from the nature of the case, no court can be safe, except in the most extreme and glaring cases, in holding that an apparent inconsistency upon the fact of the will is really an ambiguity before it has heard extrinsic evidence of these surrounding facts and circumstances. It may easily happen that what appears to be, at first glance, an ambiguity is seen to be a disposition thoroughly consistent and harmonious when the court is one in the position of the testator. On the other hand, the courts, which say in general language that extrinsic evidence is admissible to explain an apparent ambiguity, recognize in actual practice a sharp distinction between the extrinsic evidence of the surrounding facts and circumstances, which they admit very freely, and evidence of testator's intention direct, which they admit very sparingly."

Then, further along in the same section, the author uses the following language:

"That the distinction is not founded upon sound principle can be seen from the fact that even the courts which have most frequently invoked it, regularly proceed, in deciding cases, so to explain the distinction between the patent and latent ambiguities as to eliminate it practically from the discussion, and instead use the distinction between evidence of testator's intention direct and evidence of the surrounding facts and circumstances as the fundamental distinction to be observed. Some jurisdictions have abandoned the distinction between latent and patent ambiguities for purposes of determining

questions as to admissibility of evidence, and hold that extrinsic evidence may be received to resolve either, the result sometimes being reached by statute, and it has been stated in at least one jurisdiction that extrinsic evidence, whether of surrounding circumstances or of declarations of testator, is admissible only when there is an ambiguity on the face of the will."

In the light of the foregoing statements, we go back now to examine the will of Alois Thurn. By Item Five of his will he refers to Mary Goetz as "my wife's niece". He does not refer to her as a child. Nor does he refer to her children as his grandchildren.

In Item Eight of his will, he refers to Alois H. Thurn and Herman A. Thurn as his sons.

By Item Nine of his will, he refers to Alois H. Thurn and Herman A. Thurn as his sons, and to Katherine Jacobs as his daughter. Then in Item Ten of his will he provides that "subject to the foregoing provisions of his will, he devises all the rest of his property to his wife Mary Thurn, for and during natural life". He then provides that upon her death he gives, devises and bequeathes the same to his three sons, naming them, to-wit: Katherine Jacobs, Alois H. Thurn and Herman T. Thurn, share and share alike.

Then in Item Eleven of his will, he provides that in the event any of my children should attempt either directly or indirectly to contest the validity of his will, or if any one of my aforesaid children should present any claim against my estate based upon alleged services rendered me by any of them, or based upon any claim of whatsoever kind, nature of description, then and in such event any devise or bequest herein made to such child, shall be and is hereby cancelled and to be of no effect to the same extent as if such child had not been mentioned in his will.

This Court has carefully examined the entire will and is frank to say there is no ambiguity on the face of the will.

It is the contention of counsel for the Executor that the circumstances existing at the time Mr. Thurn made his will would induce the Court to find that there is a latent ambiguity proven by such circumstances, and in support of that contention certain testimony was offered but which was objected to by counsel for the administrator of the Estate of Mary Goetz. The Court received this testimony subject to consideration and later ruling. The Court has examined the transcript of that testimony and from a careful consideration of same the Court finds that there is no evidence in that

testimony to the effect that Alois Thurn ever recognized Mary Goetz as one of his children.

We therefore hold that there is not only no patent ambiguity nor is there a latent ambiguity. The Court feels that the testimony proffered by the plaintiff should be considered, and, after consideration of same, the Court finds that it does not disclose a latent ambiguity.

It is therefore the opinion of this Court that Mary Goetz was not referred to or considered in the will of Alois Thurn as his child or to be considered as such. Neither she nor the person or persons who succeeded to her interest are subject to the punitive provisions of his will by having presented a claim against his estate.

The next question which the Court is called upon to decide is whether or not the bequest made to Mary Goetz or her children by the will and codicil of Alois Thurn do cancel or pay the claims upon which suit has been brought in the Common Pleas Court. An excellent discussion of this phase of the law is contained at page 1076 and the following pages of Vol. 57, American Jurisprudence, the text of which we will not take the time to quote.

Another discussion of this same phase of the law is found in Vol. 86 A. L. R. at page 15, and the following pages. At page 15 we find the following statement by the author of that article:

"The rule that a legacy given by a debtor to his creditor equal to or exceeding the debt in amount is to be deemed a satisfaction of the debt, though well established, is regarded with great disfavor, and that the courts almost universally manifest a strong disinclination to enforce it. Consequently, very slight circumstances are considered sufficient to take a case out of its operation."

Then at page 17 we find the Modern rule as follows:

"The dissatisfaction of the courts with the rule, and their disposition to evade its application, have given rise to what is sometimes spoken of as the modern rule—that a legacy shall not be deemed a satisfaction of a preexisting debt, unless it appears to have been the intention of the testator that it should so operate."

This proposition has been followed by the Supreme Court of Ohio in the case of **Lessee of Elizabeth Wormen v. William Teagarden,** reported in the **2nd Oh St, page 380.**

The Supreme Court has also adopted the same principle in its decision in the case of **Bowen v. Bowen, 34 Oh St, page 179.**

In the case of **McNeil v. Pierce, 73 Oh St, page 7,** in syllabus One thereof, contains the following language:

"1. A legacy reciting that it is "in consideration of her care for my invalid mother many years preceding her death, and also her care of my infant son" does not imply a debt but a bounty. It is not an acknowledgment of a legal obligation and when pleaded in an action, barred by the statute of limitations, to recover for such services, does not remove the bar of the statute."

Upon an examination of this will it is our opinion that Alois Thurn did not recognize Mary Goetz as his creditor. He was simply expressing his appreciation for her services to him by providing a bequest of $1000.00, and also by providing a bequest of $5,000.00 by his codicil made on December 24, 1946. Had he recognized Mary Goetz as a creditor and mentioned the amount or approximate amount which he owed her, and had he referred to this amount as relation of debtor and creditor and then recited that the bequest was in payment of that obligation, the Court would be compelled then to sustain the contention of the plaintiff. But he did not so provide. The Court is compelled to take the language as it is found in the will. Inasmuch as Alois Thurn did not recognize Mary Goetz as a creditor, and did not provide that the bequest should be in payment of any existing obligations, we are compelled to hold that the bequests to Mary Goetz contained in the will and codicil are valid bequests and the Executor is directed to pay same.

As to admissibility of the pleadings in the case filed in the Common Pleas Court, the Court finds that they are not admissible in this proceeding and therefore sustains the objection to their introduction. An order may be drawn accordingly.